**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


DEANGELO HORN,

          Petitioner,

v.                             CASE NO.  4:15cv101-RH/EMT

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,

          Respondent.

_____/


**ORDER ON THE REPORT AND RECOMMENDATION**


      By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Deangelo

Horn challenges his state-court conviction for sexual battery on a child under age

12 and related offenses. The petition is before the court on the magistrate judge's

report and recommendation, ECF No. 28. No objections have been filed.

      The report and recommendation is correct and is adopted as the court's

opinion on all issues but one. In ground four, Mr. Horn says his attorney rendered

ineffective assistance by failing to investigate the alleged victim's false allegation

that on a different occasion, a family member sexually abused her. Mr. Horn says

his attorney rendered ineffective assistance by failing to adequately assert his constitutional right to cross-examine the victim about the false allegation.

When Mr. Horn presented this claim on collateral review in state court, the court said Florida law prohibits cross-examining a victim not only about her own prior sexual history but also about false accusations of sexual abuse. The report and recommendation accepts this view of state law and concludes there is no federal constitutional right to cross-examine a witness about false accusations of sexual abuse. That is incorrect. *See Sec'y, Fla. Dep't of Corr. v. Baker*, 406 F. App'x 416, 424-25 (11th Cir. 2010) (affirming the grant of habeas relief from a conviction for sexual abusing a 15-year-old because the trial court excluded evidence that the 15-year-old had falsely accused others of sexual abuse).

This order remands the case to the magistrate judge for further proceedings on this issue, including a determination of whether there is a factual basis for Mr. Horn's assertion that evidence was available—or a reasonable investigation would have turned up evidence—that the alleged victim had falsely accused another person of sexually abusing her. The determination of whether an evidentiary hearing is required is left in the first instance to the magistrate judge.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted in part.

2. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on June 13, 2017.

s/Robert L. Hinkle
United States District Judge